## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

STEPHEN R. KIRST
JENNIFER F. KIRST

           Debtors

Case No. 04-36603

JENNIFER F. KIRST

           Plaintiff

      v.

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION, as Assignee of
American Education Services

           Defendant

Adv. Proc. No. 05-3013

### MEMORANDUM ON MOTION TO DISMISS
### OR FOR JUDGMENT ON THE PLEADINGS

**APPEARANCES:**   F.D. GIBSON, III, ESQ.
                          400 Ellis Avenue
                          Maryville, Tennessee 37804
                          Attorney for Plaintiff / Debtor

                         CHAMBLISS, BAHNER & STOPHEL, P.C.
                            Bruce C. Bailey, Esq.
                            Stephen D. Barham, Esq.
                            1000 Tallan Building
                            Two Union Square
                            Chattanooga, Tennessee 37402-2500
                            Attorneys for Defendant Educational Credit Management
                              Corporation, as assignee of American Education Services

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint for Hardship Discharge of Student Loan (Complaint) filed by the Plaintiff/Debtor, Jennifer F. Kirst, on February 2, 2005, requesting a determination and order by the court discharging her outstanding student loan obligations owed to Educational Credit Management Corporation, as assignee for the named Defendant, American Education Services.[1]  On May 5, 2005, Educational Credit Management Corporation (Defendant) filed a Motion to Dismiss or for Judgment on the Pleadings and Brief in Support Thereof (Motion to Dismiss), arguing that the Plaintiff's Complaint was filed prematurely, was not ripe for adjudication, and failed to state a claim of undue hardship upon which relief could be granted.  The Plaintiff filed an Answer to Motion to Dismiss (Response) on May 23, 2005, arguing that the adversary proceeding should go forward.

This is a core proceeding.  28 U.S.C.A. § 157(b)(I) (West 1993).

I

The Debtors filed the Voluntary Petition commencing their case under Chapter 13 of the Bankruptcy Code on December 21, 2004, and on February 10, 2005, the court entered an Order Confirming Debtors' Chapter 13 Plan (Confirmed Plan).  The Confirmed Plan provides that the Debtors will pay to the Chapter 13 Trustee bi-weekly payments of $874.00

---

[1] As assignee, Educational Credit Management Corporation is the real party in interest rather than American Education Services.  The court will, therefore, on its own motion, substitute "Educational Credit Management Corporation, as Assignee of American Education Services" as the party Defendant.

for 60 months, with a dividend to unsecured creditors of 100% or funds available, whichever is greater.

On January 31, 2005, the Debtors filed, on the Defendant's behalf, an unsecured proof of claim in the amount of $11,278.97. This claim is based upon the Plaintiff's student loans, originally received from EdAmerica, which the Plaintiff consolidated with American Education Services on April 2, 2003 (Student Loans). Under the terms of the consolidation, the Plaintiff was to repay the Student Loans pursuant to the following schedule: (1) payments of $46.70 each month beginning on May 1, 2003, and continuing for twenty-four months; (2) payments of $74.18 each month beginning on May 1, 2005, and continuing for thirty-six months; (3) payments of $107.75 each month beginning on May 1, 2008, and continuing for one hundred nineteen months; and (4) a final payment of $107.03 on April 1, 2018. Over the term of repayment, the principal balance would accrue interest at 4.875%, resulting in total interest of $5,441.59 over the repayment term, for a total repayment of $16,720.56.

In her Complaint, the Plaintiff avers that she and her husband are paying all of their disposable income into their Confirmed Plan. In her prayer for relief, the Plaintiff requests that the court discharge the $5,441.59 in interest and fix $11,278.97 as the total amount to be paid to the Defendant for her Student Loans, to be paid through the Confirmed Plan. The Defendant argues that the Plaintiff's request for partial discharge is premature, in that her bankruptcy case is still in its early stages, rendering it impossible at this point to determine whether it is an undue hardship for her to repay the Student Loans upon

completion of the Confirmed Plan.  Furthermore, the Defendant urges the court to dismiss the Complaint because the Plaintiff has not pled any facts to support a finding of undue discharge, as required by § 523(a)(8) and its supporting precedent within the Sixth Circuit.

**II**

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6) (applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012(b)).  When contemplating a motion to dismiss under Rule 12(b)(6), the court should "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).  All factual allegations are accepted as true, but the court is not required to accept legal conclusions or unwarranted factual inferences as true.  *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002).  Instead, the focus should be upon "whether the plaintiff has pleaded a cognizable claim[,]" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003), as "a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim."  *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (citing *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)).  In summary, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."

*Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir. 2001) (quoting *Conley v. Gibson*, 78 S. Ct. 99, 102 (1957)).

When considering a motion under Rule 12(b)(6), the court should not rely upon any documents other than the pleadings. *Stangel v. I.R.S. (In re Stangel)*, 222 B.R. 289, 291 (Bankr. N.D. Tex. 1998). "Under certain circumstances, however, a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings[. . .] when 'a document is referred to in the complaint and is central to the plaintiff's claim.'" *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (quoting 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 56.30[4] (3d ed. 1998)). The court may also rely upon public records or other documents appropriately encompassed by judicial notice set forth in Federal Rule of Evidence 201.[2]  *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

### III

To withstand the Defendant's Motion to Dismiss, the Plaintiff's Complaint must plead sufficient information, facts, and allegations to entitle her to the relief she requests; i.e., a partial discharge of her Student Loans, based upon an undue hardship. For the following reasons, the court finds that the Plaintiff has not met her burden, and the Defendant's Motion to Dismiss shall be granted.

---

[2] In its resolution of the present Motion, the court takes judicial notice of the documents contained in the Debtors' bankruptcy case file. *See* FED. R. EVID. 201.

5

Student loans may not be discharged in bankruptcy absent a finding by the court that repayment of all or a portion of the debts will constitute an undue hardship upon the petitioning debtor. 11 U.S.C.A. § 523(a)(8); *see also* 11 U.S.C.A. § 1328(a)(2) (West 2004). The Bankruptcy Code does not specify what factors constitute an undue hardship, instead, leaving the analysis to the courts. *See Tenn. Student Assistance Corp. v. Hornsby (In re Hornsby)*, 144 F.3d 433, 437 (6th Cir. 1998). In the Sixth Circuit, any debtor seeking to establish that repayment of all or a portion of student loan debt imposes an undue hardship must demonstrate the following factors:

> "(1) that the Debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans."

*Oyler v. Educ. Credit Mgmt. Corp. (In re Oyler)*, 397 F.3d 382, 385 (6th Cir. 2004) (quoting *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987)).

In Chapter 13 cases, "the general rule of nondischargeability of student loans is phrased as an exception to the Chapter 13 discharge, and a showing of 'undue hardship' simply eliminates the exception. Accordingly, when student loans are discharged it is as part of the regular Chapter 13 discharge, rather than as a separate event." *Bender v. Educ. Credit Mgmt. Corp. (In re Bender)*, 368 F.3d 846, 847 (8th Cir. 2004). Therefore, "the factual question is whether there is undue hardship at the time of discharge, not whether there is undue hardship at the time that a § 523(a)(8) proceeding is commenced." *Bender*, 368 F.3d

6

at 848.  Sixth Circuit precedent also requires the court to include within its undue hardship analysis the following factors:

> (1) the debt amount; (2) the interest rate; (3) the debtor's claimed expenses and current standard of living to evaluate whether the debtor has attempted to minimize expenses; (4) the debtor's income, earning ability, health, education, dependents, age, wealth, and professional degree; and (5) whether the debtor has attempted to maximize income by seeking or obtaining employment commensurate with her education and abilities.

*Oyler*, 397 F.3d at 385 (citing *Miller v. Pa. Higher Educ. Assistance Agency (In re Miller)*, 377 F.3d 616, 623 (6th Cir. 2004)).  Clearly, many of these factors with respect to the Plaintiff cannot actually be deduced until closer to the payout of the Confirmed Plan.

As the Defendant points out, asking the court for a determination of undue hardship at this time raises ripeness concerns.  The ripeness doctrine, which "focuses on whether the facts are sufficiently developed to permit adjudication[,]" *Family Trust Found., Inc. v. Wolnitzek*, 345 F. Supp. 2d 672, 687 (E.D. Ky. 2004), "is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Ammex, Inc. v. Cox*, 351 F.3d 697, 706 (6th Cir. 2003) (quoting *Reno v. Catholic Soc. Servs., Inc.*, 113 S. Ct. 2485, 2495 n.18 (1993)).  The "basic rationale" of the ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements[.]" *Abbott Labs. v. Gardner*, 87 S. Ct. 1507, 1515 (1967).  "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Tex. v. United States*,

118 S. Ct. 1257, 1260 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 105 S. Ct. 3325, 3333 (1985)).

Ripeness requires an evaluation of "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Tex. v. United States*, 118 S. Ct. at 1260 (quoting *Abbott Labs.*, 87 S. Ct. at 1515). In assessing whether a claim is ripe, the court must examine "(1) the likelihood that the harm alleged will ever come to pass; (2) whether the factual record is sufficiently developed to allow for adjudication; and (3) hardship to the parties if judicial review is denied." *Norton v. Ashcroft*, 298 F.3d 547, 554 (6th Cir. 2002).

At this juncture, the court cannot make a satisfactory factual determination with respect to the Plaintiff's ability to prove that payment of the interest portion of her Student Loans would be an undue hardship. The analysis is partially based upon the Plaintiff's "current" income and expenses, along with the existence of additional circumstances beyond her control that will interfere with repayment of the Student Loans. This information cannot readily be deduced at this time. Although the Plaintiff argues that her only income is from Social Security, and that her circumstances are not likely to change, again, such a statement is purely speculative. In any event, even if none of the Plaintiff's circumstances were to actually change between now and 2009, when the Confirmed Plan is scheduled to be completed and discharge granted, those facts will not be known until that time. In the meantime, numerous variables may intervene, and the Plaintiff's circumstances may change greatly, either favorably or not. Furthermore, under the *Oyler/Brunner* test, the Plaintiff

8

must prove that she has made good faith efforts to repay the Student Loans. At this point, the Plaintiff has not introduced any evidence concerning her repayment. Based upon a lack of proof, coupled with the actual inability to establish what will happen in the future, any determination at this time would simply be advisory, unsupported by actual evidence, and would not follow the spirit of the statute or Sixth Circuit law.

Even in a light most favorable to the Plaintiff, the court finds that the Complaint is not ripe, as it cannot sufficiently set forth facts to support the Plaintiff's request for partial discharge of her Student Loans based upon undue hardship. As such, the Defendant's Motion to Dismiss shall be granted, and the Plaintiff's Complaint shall be dismissed, without prejudice to her refiling a complaint at a time closer to her anticipated discharge. *See Bender*, 368 F.3d at 848 ("As a matter of administrative convenience, . . . it makes sense to commence an adversary petition to determine undue hardship before the actual date of discharge, but such proceedings should take place relatively close to that date so that the court can make its determination in light of the debtor's actual circumstances at the relevant time.").

An order consistent with this Memorandum will be entered.

FILED: June 14, 2005

                              BY THE COURT

                              /s/ RICHARD STAIR, JR.

                              RICHARD STAIR, JR.
                              UNITED STATES BANKRUPTCY JUDGE